OPINION
{¶ 1} Defendant-Appellant, David Marlin, appeals from a judgment of the Paulding County Court of Common Pleas, Juvenile Division, finding Marlin to be a delinquent child. Marlin contends that the trial court did not grant him the proper amount of credit for time served. After reviewing the entire record, we find that that trial court erroneously failed to award Marlin credit for time he served in the Juvenile Residential Center of Northwest Ohio ("JRC") while awaiting the disposition of motions to impose a previously suspended sentence. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
 {¶ 2} In December of 2002, Marlin pulled a fire alarm at the Antwerp Elementary School in Antwerp, Ohio. Consequently, Marlin was charged with being a delinquent child as defined in R.C. 2152.02(F)(1), for actions that, if committed by an adult, would have constituted inducing panic in violation of R.C. 2917.31(A)(1).
 {¶ 3} In April of 2003, Marlin entered an answer of true to the charge of delinquency. Subsequently, Marlin was committed to the custody of the Ohio Department of Youth Services ("DYS") for a minimum period of six months and a maximum period lasting until he attained the age of twenty one. However, the trial court suspended this commitment on the condition that Marlin successfully complete a treatment program at JRC.
 {¶ 4} On May 14, 2004, Anna Campbell, a juvenile probation officer of the Paulding County Juvenile Court, filed a motion to impose Marlin's previously suspended sentence. This motion was based upon Marlin's failure to abide by JRC's rules and regulations. A hearing on this motion was held on July 21, 2004. Marlin remained in the custody of JRC during the interim between the filing of the motion and the hearing on the motion. At the July 21 hearing, Marlin admitted the allegations contained in the motion and admitted that these allegations constituted violations of the terms of his suspended sentence. However, the trial court did not impose the suspended sentence. Instead, the trial court again suspended Marlin's sentence on the condition that he successfully complete the JRC treatment program.
 {¶ 5} On September 1, 2004, Campbell filed another motion to impose Marlin's suspended sentence. This motion was also based on Marlin's failure to abide by JRC's rules and regulations. The hearing on this motion was held on September 27, 2004. Again, Marlin remained in JRC's custody during the time between the filing of the motion and the hearing on the motion. Marlin once more admitted that the violations alleged in the motion were true and admitted that these violations constituted a breach of the terms of his suspended sentence. As a result, the trial court imposed Marlin's suspended sentence and ordered him to be committed to DYS for an indefinite period with a minimum commitment of six months and maximum commitment lasting until he reached the age of twenty one. The trial court ordered Marlin to be held in detention until he could be transferred to DYS and ordered Marlin to receive credit for the time he served in detention awaiting this transferal. Marlin was given no other credit for time served.
 {¶ 6} Marlin appeals from this judgment, presenting the following assignment of error for our review.
 Assignment of Error The trial court erred in failing to grant to Appellant credit for thetime he had served at the juvenile residential center awaiting hisprobation violation.
 {¶ 7} In his sole assignment of error, Marlin asserts that the trial court erroneously calculated the amount of credit which he was entitled to for time served. He maintains that he should have been given credit for the time he was in JRC pending the disposition of the motions to impose his suspended sentence.
 {¶ 8} R.C. 2152.18(B) provides that:
When a juvenile court commits a delinquent child to the custody of thedepartment of youth services pursuant to this chapter, the court shallstate in the order of commitment the total number of days that the childhas been held in detention in connection with the delinquent childcomplaint upon which the order of commitment is based. The departmentshall reduce the minimum period of institutionalization that was orderedby both the total number of days that the child has been so held indetention as stated by the court in the order of commitment and the totalnumber of any additional days that the child has been held in detentionsubsequent to the order of commitment but prior to the transfer ofphysical custody of the child to the department.
 {¶ 9} The Ohio Supreme Court has held that R.C. 2152.18(B) requires a juvenile to receive credit for time served in the following situations: "when the child is held at a rehabilitation or treatment facility while awaiting the final adjudication or disposition of the original delinquency complaint, when the child is held in one of those facilities after an order of commitment to DYS has been made but before the order has been executed by his or her transfer to the custody of DYS, and when the child is held in one of these facilities while awaiting the final disposition of an alleged probation violation." In re Thomas,100 Ohio St.3d 89, 2003-Ohio-5162, at ¶ 13.[1] Marlin contends that the third situation listed in In re Thomas applies to his case.
 {¶ 10} It is undisputed that JRC qualifies as a rehabilitation or treatment facility. Furthermore, it is undisputed that Marlin remained at JRC pending the disposition of both motions to impose his previously suspended sentence. Therefore, Marlin claims that he should have been granted credit for the time he spent at JRC pending those motions. However, the State maintains that the third situation expounded in In reThomas only allows a juvenile credit for time served in a rehabilitation or treatment facility pending the disposition of an alleged probation violation. Therefore, because Marlin was never placed on probation, he is not entitled to receive credit for time he served in a rehabilitation or treatment facility while awaiting the disposition of a motion to impose a suspended sentence.
 {¶ 11} The State is correct in asserting that Marlin, unlike the juvenile in In re Thomas, was never officially put on probation after his sentence was suspended. Instead, his sentence was suspended upon the condition that he successfully complete a rehabilitation program at JRC. The State is also correct in asserting that In re Thomas does not specifically allow juveniles to receive credit for time spent in a rehabilitation or treatment facility while waiting the final disposition of a motion to impose a suspended sentence. While this technically distinguishes the facts of our case from those in In re Thomas, it does not take into account the Supreme Court's discussion of the reasoning behind its holding.
 {¶ 12} In its opinion, the Supreme Court stated that "[t]he first two situations are based on a plain reading of R.C. [2152.18(B)] and 2151.011(B)(13). The third situation requires credit because detention on an alleged probation violation relates back to the complaint of delinquency and is in "connection with" that complaint, as mandated by R.C. [2152.18(B)]. Such detention goes to the original disposition in thecase and is sufficiently linked to the adjudication of the originalcharges that credit is required by the statutory language. Id. (Emphasis added.)
 {¶ 13} The motions seeking to impose Marlin's suspended sentence are clearly in connection with the original complaint and linked to the adjudication of the original charges. It was the original judgment entry that imposed and then suspended the sentence that the State sought to enforce in the motions. Furthermore, the original disposition established the completion of the JRC treatment program as a condition of the suspended sentence. It is the violation of this condition, established in the original disposition, on which the State based the motions. Accordingly, we find that the motions to impose Marlin's previously suspended sentence were sufficiently linked to the original charges such that credit is required for time served in JRC pending the disposition of these motions.
 {¶ 14} While the third situation listed in In re Thomas mentions only probation violations, the reasoning behind the Court's ruling leads us to the conclusion that juveniles should be granted credit for time served in a rehabilitation or treatment facility while awaiting disposition on a motion to impose a previously suspended sentence when that motion is made in connection with the original complaint. Having so found, we affirm Marlin's assignment of error.
 {¶ 15} Accordingly, it was error for the trial court not to give Marlin credit for the time he spent in JRC while the motions to impose his suspended sentence were pending. Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Cupp, P.J., and Bryant, J., concur.
[1] In 2002, R.C. 2152.18 was added to the Ohio Revised Code by Senate Bill 179. This same bill also repealed R.C. 2151.355. Prior to this, R.C. 2151.355(F)(6) contained essentially the same language as R.C.2152.18(B) now contains. The Supreme Court based its opinion in In reThomas on the older statute because R.C. 2151.355(F)(6) was the applicable law at the time the juvenile in In re Thomas was committed to DYS. However, it is clear from the Supreme Court's syllabus, which mentions the statutory change, that the holding in In re Thomas applies to R.C. 2152.18(B).