OPINION
{¶ 1} Defendant-appellant, Justin Gibson ("Gibson") appeals the judgment of the Allen County Court of Common Pleas, Juvenile Division. For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} On March 8, 2006, Gibson entered an admission to one count of burglary, a fifth degree felony if committed by an adult, pursuant to an agreement with the state. The magistrate accepted the admission and proceeded to a disposition hearing that same day. Berlin Carroll ("Carroll"), Gibson's probation officer, recommended a suspended six month commitment to the Ohio Department of Youth Services ("DYS"). The state, defense, and Gibson's mother all deferred to the recommendation by Carroll. At the dispositional hearing, both Gibson and his mother were given the opportunity to speak. Thereafter, the magistrate stated: "Well, I don't know what to do frankly, Justin. My initial inclination is to simply commit you to the Department of Youth Services immediately. As far as I'm concerned, your record and this offense more that warrant that kind of treatment. I'm going to have to carefully consider the recommendation of the probation officer. I'm not going to decide today. I'm going to put you back in the Detention Center while I consider what final orders in these cases should be. So you will remain in the Detention Center until my decision is filed." The trial court then remanded Gibson to the detention center.
 {¶ 3} On March 9, 2006, the magistrate filed a judgment entry committing Gibson to DYS for a minimum of six months and a maximum period not to exceed Gibson's twenty-first birthday. The juvenile court adopted the magistrate's decision.
 {¶ 4} It is from this judgment that Gibson appeals and sets forth two assignments of error for our review. For clarity of analysis, we have combined Gibson's two assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TOCREATE A COMPLETE RECORD IN VIOLATION OF JUV.R. 37(A). (V.1,T.PP. 1-14).
 ASSIGNMENT OF ERROR NO. II. THE TRIAL COURT VIOLATED JUSTIN GIBSON'S RIGHT TO DUE PROCESSUNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THEUNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIOCONSTITUTION, OHIO REVISED CODE 2151.25, CRIM.R. 43, AND JUV.R.27, 29(F) AND 34(J) WHEN IT ENTERED DISPOSITION OUTSIDE OFJUSTIN'S PRESENCE. (V.1, T.PP. 1-14).
 {¶ 5} In his first assignment of error, Gibson argues that the trial court erred when it failed to make a complete record of the proceedings as required under Juv.R. 37(A). As a basis for this argument, Gibson maintains that even though the adjudicatory hearing and the beginning of the dispositional hearing were transcribed, there was no record of the sentence imposed. Additionally, Gibson argues in his second assignment of error that the trial court erred when he was not present for sentencing.
 {¶ 6} As a threshold matter, we address the state's claim that Gibson waived the arguments he now raises on appeal when he failed to file any objections to the magistrate's decision.
 {¶ 7} Juv.R. 40(E)(3) provides:
(a) Time for filing. A party may file written objections to amagistrate's decision within fourteen days of the filing of thedecision, regardless of whether the court has adopted thedecision pursuant to Juv.R. 40(E)(4)(c). If any party timelyfiles objections, any other party also may file objections notlater than ten days after the first objections are filed. If aparty makes a request for findings of fact and conclusions of lawunder Civ.R. 52, the time for filing objections begins to runwhen the magistrate files a decision including findings of factand conclusions of law.
 (b) Form of objections. Objections shall be specific and statewith particularity the grounds of objection.
* * *
(d) Waiver of right to assign adoption by court as error onappeal. A party shall not assign as error on appeal the court'sadoption of any finding of fact or conclusion of law unless theparty has objected to that finding or conclusion under thisrule.[1]
 {¶ 8} Gibson concedes he did not file any objections to the magistrate's decision. However, Gibson asserts that nothing in Juv.R. 40(E) required him to do so because he did not request that the magistrate file specific "findings of fact" or "conclusions of law" and because his assignments of error do not include errors regarding "findings of fact" or "conclusions of law".[2]
 {¶ 9} Gibson's arguments on appeal do not challenge any "findings of fact" or "conclusions of law." Instead, Gibson's arguments raise challenges regarding the manner in which the magistrate sentenced Gibson. Consequently, Gibson has not waived the errors that he has assigned. However, even if Gibson had waived the errors that he has assigned, this court could still review his assignments of error under the plain error doctrine. See In Re Etter (1998), 134 Ohio App.3d 484, 492,731 N.E.2d 694.
 {¶ 10} Juvenile proceedings are generally considered to be civil proceedings rather than criminal proceedings. In ReAnderson, 92 Ohio St.3d 63, 65, 2001-Ohio-131, 748 N.E.2d 67, citations omitted. Although noting juvenile proceedings are generally civil in nature, the Ohio Supreme Court acknowledged that "there are criminal aspects to juvenile court proceedings". Id. at 66. It further recognized that the United States Supreme Court has found basic due process rights apply to juvenile court proceedings. Id. at 65-66, citations omitted.
 {¶ 11} The scope of the Ohio Rules of Criminal Procedure is set forth at Crim. R. 1 (C) which provides: "These rules, to the extent that specific procedure is provided by other rules of the Supreme Court or to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (5) in juvenile proceedings against a child as defined in Rule 2(D) of the Rules of Juvenile Procedure * * *." Juvenile Rule 34 provides the procedure for dispositional hearings and does not require the juvenile to be present for sentencing. Thus, we find that Criminal Rule 43 requirement that the defendant be present for the imposition of sentence does not apply in this case. See Crim.R. 43; Juv. R. 29; Juv. R. 34; Crim.R. 1(C).
 {¶ 12} The Twelfth District has also held that a trial court is not required to hold a hearing at which the juvenile is present to announce its decision regarding disposition. In ReKash, 12th Dist. No. CA2001-06-057, 2002-Ohio-1425; In RePanko, 12th Dist. No. CA 2001-05-008, 2002-Ohio-2306.
 {¶ 13} In In Re Kash, the trial court held a dispositional hearing on April 5, 2001, however, the trial court did not make a decision that day. Kash, 2002-Ohio-1425, at *2. The trial court then entered a decision on April 24, and ordered that the juvenile's suspended sentence to DYS be revoked. Id. On appeal, the appellate court determined that the decision to commit the juvenile to DYS was based on the dispositional hearing at which the juvenile was present and, therefore, the juvenile's due process rights were not violated. Id. at * 3. The court further found that neither Juv.R. 29 nor Juv.R. 34 required the juvenile to be physically present when the decision was entered. Id., *3. We agree.
 {¶ 14} Gibson also maintains that Juv. R. 27 requires that he be present when the trial court enters disposition.
 {¶ 15} Juv. R. 27 provides:
(A) General Provisions. Unless otherwise stated in this rule,the juvenile court may conduct its hearings in an informal mannerand may adjourn its hearings from time to time.
* * *
(1) Public access to hearings. * * *. In all otherproceedings, the court may exclude the general public from anyhearing, but may not exclude either of the following:
 (a) Persons with a direct interest in the case.
* * *
 {¶ 16} We find that Juv.R. 27 does not require that the juvenile be physically present when the trial court enters its decision. Rather, the rule requires that persons with a direct interest in a case cannot be excluded from any hearing. The magistrate held an adjudicatory and dispositional hearing on March 8, 2006. Gibson was present for the hearing and was given the opportunity to speak. The decision to commit Gibson to DYS was based on the dispositional hearing for which Gibson was present. Furthermore, Gibson has failed to point to any Juvenile Rules, sections of the Ohio Revised Code, amendments to the United States Constitution, or sections of the Ohio Constitution that would require him to be physically present when the decision to commit him to DYS was entered. Consequently, we find that Gibson's rights were not violated.
 {¶ 17} Gibson's second assignment of error is overruled.
 {¶ 18} Gibson also maintains that even though the trial court recorded part of the dispositional hearing, the trial court erred when it failed to record the sentence being imposed pursuant to Juv. R. 37(A).
 {¶ 19} Juv.R. 37(A) states, "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * *"
 {¶ 20} The magistrate in this case held both an adjudicatory and a dispositional hearing on March 8, 2006, and recorded both hearings. The magistrate did not hold an additional hearing when it filed the written decision to commit Gibson to DYS. Since the decision to commit Gibson to DYS was based on the March 8, 2006 dispositional hearing, which the trial court recorded, and the magistrate did not hold an additional hearing, we find the magistrate's sentencing decision was not a proceeding that was required to be recorded under Juv. R. 37(A). See Kash,
2002-Ohio-1425, at * 3.
 {¶ 21} Gibson's first assignment of error is, therefore, overruled.
 {¶ 22} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] We note that Juv.R. 40 has been amended effective July 1, 2006, however, former Juv.R. 40 applies to the present case. See Juv.R. 47(R).
[2] Gibson also argues in his reply brief that if this court finds he waived his arguments by failing to object to the magistrate's decision, then he was denied effective assistance of counsel. We do not address Gibson's alternative argument for two reasons. First, the alternative argument is essentially a new assignment of error improperly raised in a reply brief. See InRe ZC, 12th Dist. Nos. CA 2005-06-065, 066, CA 2005-06-081, 082,2006-Ohio-1787, at ¶ 20, citations omitted; App. R. 16(C); Loc. R. 7(B). Second, our analysis of the state's waiver argument render Gibson's alternative argument moot.