OPINION
{¶ 1} The delinquent child-appellant, Brandon Kiser ("Brandon"), appeals the judgment of the Seneca County Common Pleas Court, Juvenile Division, lifting a stay on his commitment to the Ohio Department of Youth Services ("DYS").
 {¶ 2} In 2004, a series of approximately fifteen fires destroyed property in a certain section of Fostoria, Ohio. Allegedly, Brandon and his grandmother, Connie Kiser ("Connie"), were the only common link between each fire. On August 27, 2004, Brandon was charged with one count of aggravated arson, a violation of R.C. 2909.02(A)(1) and 2152.02, a first degree felony if committed by an adult. The complaint was filed in Seneca County Common Pleas Court, Juvenile Division case number 20420600, which is before us on appeal. On the same date, a second case was filed against Brandon, also charging him with one count of aggravated arson, a second degree felony if committed by an adult. This charge was filed in Seneca County Common Pleas Court, Juvenile Division case number 20420601, which is not part of our record on appeal. At arraignment, Brandon pled not guilty to both charges.
 {¶ 3} On December 20, 2004, the trial court held a joint adjudicatory and dispositional hearing. As part of a negotiated plea agreement with the State of Ohio ("State"), Brandon withdrew his previously tendered pleas of not guilty and pled guilty to the one count of aggravated arson charged in juvenile court case number 20420600. The State dismissed the other case and its motion for bindover, so Brandon remained within the juvenile court's jurisdiction. Present at the hearing were Connie, as Brandon's legal guardian; his attorney guardian ad litem, James Fruth ("GAL"); and his attorney, Steven Powell. As to disposition, the parties agreed to a recommendation that Brandon be committed to DYS for one year to age 21. However, the parties recommended the commitment be stayed upon completion of certain conditions. The trial court followed the recommendation, placed Brandon on probation, and ordered several additional conditions. (Change of Plea Hearing Tr., Jul. 13, 2006, at 37:7-10). Relevant to this appeal, the court ordered that:
Brandon Kiser be placed at the Northern Ohio JuvenileCommunity Correction Facility ["CCF"]in Sandusky, Ohio until hehas successfully completed said program. Said juvenile shallcomply and cooperate with the treatment program at thefacility. * * *
 Brandon Kiser shall give a full truthful statement to theState Fire Marshall's Office with regard to any other fires.
J. Entry, Dec. 21, 2004.
 {¶ 4} On October 20, 2005, Brandon's GAL filed a motion for further dispositional hearing. The motion stated that Brandon had "apparently reached an impasse in his treatment at [CCF] in Sandusky that prevent[ed] him from progressing and completing the program." Therefore, the GAL requested that the trial court "consider imposition of a commitment of Brandon" to DYS. The trial court held a hearing on the motion on March 10, 2006. The GAL presented the testimony of Dr. Thomas Hustak ("Hustak"), a clinical and forensic psychologist, and submitted Hustak's report into evidence. The State presented testimony from James Geller ("Geller"), a social worker at CCF, and Keith Loreno ("Loreno"), an investigator with the Ohio State Fire Marshal's Office. At the conclusion of the hearing, the court found that Brandon had "failed to comply with Conditions 1 and 3" of its prior judgment. Therefore, the court lifted the stay, committed Brandon to DYS, and gave him credit for 115 days served in detention. Brandon appeals the trial court's judgment and asserts the following assignments of error:
The trial court erred and abused its discretion in by [sic]lifting the stay of the appellant's commitment to the Departmentof Youth Services the appellant's visitation rights [sic].
 The trial court committed reversible error when it failed tomak[e] specific oral or written findings of fact upon which anadequate appeal and review could be made.
 The trial court committed reversible error and violated thejuvenile appellant's rights to due process and confrontation andcross examination of his accusers under the Fifth andSixth Amendments to the United States Constitution, and Article 1Section 10 of the Ohio Constitution, when it revoked hisprobation solely upon hearsay and speculation and considerationof results of a polygraph test without presentation of thepolygrapher, test, or test results, and was without anyadmissible evidence of a violation of conditions of probation.
 The trial court erred by failing to give the appellant anaddition[al] 461 days of detention time credit for his time a theErie County community based correctional facility, a lockedfacility, when it lifted the stay of the appellant's commitmentto the Department of Youth Services the appellant's visitationrights [sic].
 {¶ 5} We elect to consider the assignments of error out of order. In the second assignment of error, Brandon contends because he was on probation, the court's orders revoking probation must be made in writing, or the court must orally explain its reasons for the revocation. Brandon contends the trial court's finding that he failed to comply with Conditions 1 and 3 is insufficient. In response, the State contends the March 10, 2006 hearing was not for a probation violation, but was a "further dispositional hearing". The State contends that the court participated in questioning witnesses during the hearing and that "[s]ufficient statements and explanation are present that provide an adequate record for appeal and review".
 {¶ 6} At the original dispositional hearing, Brandon was clearly placed on probation. (Change of Plea Hearing Tr., at 37:7-10). However, the court also imposed additional conditions as part of the stayed commitment. Relevant to this appeal, Brandon was required to "comply and cooperate with the treatment program" at CCF. Brandon was also required to "give a full truthful statement" to the fire marshal. By labeling the hearing as a "further dispositional hearing", the State is attempting to create a distinction where there is none. The March 10, 2006 hearing was essentially a probable cause hearing to determine whether a condition of probation had been violated, necessitating a probation revocation and imposition of commitment to DYS. SeeIn re Royal, 132 Ohio App.3d 496, 508, 725 N.E.2d 685 ("While we agree that a juvenile court may impose a previously suspended commitment under R.C. 2151.355(A)(22) as a further disposition when it is proper and consistent with the purposes of the Juvenile Rules, the court must nonetheless comply with Juv.R. 35(B) before doing so to give the minor notice as to why a previously suspended commitment is ordered reinstituted.").
 {¶ 7} Juv.R. 35(B) controls probation revocation hearings.In re Nowak (1999), 133 Ohio App.3d 396, 728 N.E.2d 411; In reMotley (1996), 110 Ohio App.3d 641, 674 N.E.2d 1268. Juv.R. 35(B) requires the court to hold a hearing and states that "[p]robation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C) been notified." Additionally, the United States Supreme Court has established "certain due process requirements for probation revocation proceedings." State v.Delaney (1984), 11 Ohio St.3d 231, 232, 465 N.E.2d 72 (citingGagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656; Morrissey v. Brewer (1972), 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484). In this case, the trial court, as factfinder, was required to "provide a `"written statement * * * as to the evidence relied on and the reasons for revoking [probation or] parole."'" [Bracketed material sic.]. Id. at 234 (quoting Gagnon, at 786 (quoting Morrissey, at 489)). However, an oral statement explaining why the court is revoking probation may be sufficient. Id. at 234-235.
 {¶ 8} In Delaney, Gagnon, and Morrissey, the courts were presented with adult, criminal issues. While juvenile court proceedings contain some criminal aspects, they are generally civil. See In re Gibson, 3rd Dist. No. 1-06-24,2006-Ohio-5145, at ¶ 10 (citing In re Anderson,92 Ohio St.3d 63, 2001-Ohio-131, 748 N.E.2d 67, at syllabus, 66). Crim.R. 1(C) provides: "[t]hese rules, to the extent that specific procedure is provided by other rules of the Supreme Court or to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (5) in juvenile proceedings against a child as defined in Rule 2(D) of the Rules of Juvenile Procedure * * *." Juv.R. 35(B) requires only a finding that the delinquent child has violated a condition of probation prior to revocation. In its judgment entry, the court wrote:
Upon the evidence that was admitted this date, the argumentsof counsel and law, the court makes the following findings:
 Brandon Kiser has failed to comply with the terms andconditions of this court's Judgment of December 21, 2004, as hehas failed to comply with Conditions 1 and 3 of that Judgment.
Likewise, at the hearing, the court stated:
Brandon, the Court finds by clear and convincing evidence youhave failed to comply with the Court Order of this Court ofDecember 24, 2005. For that reason, there'll be a commitment tothe Department of Youth Services * * * for one year to age 21.The stay is now lifted.
(Probation Revocation Hearing Tr., Jul. 13, 2006, at 107:10-15).[1] Clearly, the court has complied with the requirements of Juv.R. 35(B), and nothing in the juvenile rules requires the court to make any further findings. The second assignment of error is overruled.
 {¶ 9} The first and third assignments of error are closely related and will be addressed together. In the first assignment of error, Brandon contends the trial court erred by lifting the stay of commitment. Brandon contends that all testimony was based on "speculation, suspicion and unsupported conjecture wrapped around an improperly presented polygraph test and allegations of articles on the polygraph test being found in [Brandon's] possession". Brandon contends that Hustak, Geller, and Loreno have all assumed he is lying about his non-involvement with 14 other fires under investigation. For that reason, the counselors believed treatment had come to a stand-still because Brandon would continue to have issues with anger and depression unless he admitted involvement with other fires. In the third assignment of error, Brandon contends the trial court erred by allowing testimony concerning a failed polygraph test and testimony that he possessed two articles about how to beat a polygraph. While Brandon admits that the Rules of Evidence do not apply to probation revocation hearings, he contends the trial court violated his due process right to confront adverse witnesses.
 {¶ 10} In response to the first assignment of error, the State contends there was clear and convincing evidence on the record to support the trial court's finding. The State argues that a commitment to DYS is "necessary to hold [Brandon] accountable for his actions in considering the serious nature of the crime and the evidence presented at the further dispositional hearing of March 10, 2006." In response to the third assignment of error, the State contends that the Rules of Evidence did not apply to the March 10, 2006 hearing. The State argues that Brandon's counsel "opened the door" for questions about whether he failed a polygraph test and failed to object to any of those questions. As to the articles on how to pass a polygraph test, the State admits that the evidence is hearsay, but contends it is admissible.
 {¶ 11} Generally, a trial court has broad discretion in making evidentiary rulings, which will not be disturbed absent an abuse of discretion. Conway v. Dravenstott, 3rd Dist. No. 3-06-05, 2006-Ohio-4840, at ¶ 10 (citing Krischbaum v. Dillon
(1991), 58 Ohio St.3d 58, 66, 567 N.E.2d 1291). As both parties agree, the Rules of Evidence were inapplicable to the March 10, 2006 hearing. See generally Evid.R. 101(C)(3). However, Brandon contends he is protected by the right to confront adverse witnesses. Our review of the transcript indicates that Brandon's counsel failed to object to any hearsay testimony concerning the articles on passing a polygraph exam, and he failed to object to any hearsay testimony concerning the polygraph results. Not only did he fail to object, but he "opened the door" to this line of questioning by asking Hustak on cross-examination whether he knew if Brandon took a polygraph exam and what those results were. (Probation Revocation Hearing Tr., at 31:6-12).
 {¶ 12} In a similarly situated criminal case, we could reverse upon a finding of plain error if counsel failed to object at trial. In this case, Brandon not only failed to object, but "opened the door" to this line of testimony. Furthermore, even if we would review for plain error, Brandon would have to show that the trial court's error affected its decision. See State v.Hill, 92 Ohio St.3d 191, 2001-Ohio-141, 749 N.E.2d 274. Regardless of whether Brandon failed the polygraph test, and regardless of whether he possessed information on how to beat the test, as explained below, there is clear and convincing evidence on the record to prove Brandon violated the court ordered conditions. Therefore, the result of the hearing would not change, even without this evidence.
 {¶ 13} When a child has been adjudicated delinquent, juvenile courts have broad discretion in imposing disposition. In reCarrie A.O., 6th Dist. No. H-05-007, 2006-Ohio-858, at ¶ 13 (citing In re Bracewell (1998), 126 Ohio App.3d 133, 136,709 N.E.2d 938). Absent an abuse of discretion, the court's disposition will not be disturbed on appeal. Id. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted)).
 {¶ 14} In this case, Hustak and Geller testified that they were unable to complete Brandon's treatment because he would not address underlying anger and depression. Both Hustak and Geller stated that Brandon's unresolved anger and depression would not be resolved until he admits the problem exists, and they at least implied that the problem was Brandon's refusal to admit to other fires. This testimony is clear and convincing evidence to support the trial court's finding that Brandon failed to comply with treatment at CCF. Additionally, Loreno testified that Brandon gave him a full account of the fire for which he pled guilty, and Brandon also discussed a second fire where a lawn mower "exploded", apparently catching some type of out-building on fire. However, as to the remaining fires, Loreno testified that Brandon denied culpability and suggested that two other persons may have been responsible. Loreno testified that he did not believe Brandon gave a complete or truthful statement because the investigation indicated that Brandon and Connie were the common factor between all of the fires.
 {¶ 15} The trial court is in the best position to assess witness credibility and weigh the evidence. State v. DeHass
(1967), 10 Ohio St. 2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Therefore, we cannot second guess the trial court if it chose to believe Brandon did not comply with treatment and failed to give a full and truthful statement to fire investigators. The trial court apparently believed that Brandon failed to address psychological issues stemming from the alleged commission of crimes with which he had not been charged and had not admitted. Furthermore, the trial court apparently believed that Brandon did not give a full and truthful statement to fire investigators concerning the same uncharged crimes. The first and third assignments of error are overruled.
 {¶ 16} In the fourth assignment of error, Brandon contends the time he spent at CCF should be considered as time in detention, so he seeks an additional 461 days of credit toward his commitment to DYS. In response, the State contends Brandon should not receive credit for the time served at CCF because time spent in treatment and rehabilitation does not meet the test established by the Ohio Supreme Court.
 {¶ 17} The Ohio Supreme Court has previously held that juveniles are to receive credit for "days that a juvenile is restricted to a facility pending adjudication or disposition of the delinquency complaint, or pending execution of a court order relating to that complaint." In re Thomas, 100 Ohio St.3d 89,2003-Ohio-5162, 796 N.E.2d 908, at syllabus. The court held that juveniles are entitled to credit in the following situations:
when the child is held at a rehabilitation or treatmentfacility while awaiting the final adjudication or disposition ofthe original delinquency complaint, when the child is held in oneof those facilities after an order of commitment to DYS has beenmade but before the order has been executed by his or hertransfer to the custody of DYS, and when the child is held in oneof these facilities while awaiting the final disposition of analleged probation violation.
Id. at ¶ 13. Although the court came to this conclusion by analyzing former R.C. 2151.355, the court clearly intended its holding to also apply to the current, similarly worded statute, R.C. 2152.18. Id. at ¶ 11, fn. 1. See also In re Marlin,
3rd Dist. No. 11-04-15, 2005-Ohio-1429, at ¶ 9, fn. 1.
 {¶ 18} Analyzing Thomas and Marlin together, the trial court was correct in not awarding credit for the time Brandon was at CCF for treatment and rehabilitation. At the original dispositional hearing, the court ordered credit for 115 days for the time Brandon was in detention and awaiting disposition. (Change of Plea Hearing Tr., at 42:6-10). The GAL filed his motion on October 21, 2005. Between October 21, 2005 and March 10, 2006, Brandon was detained as he awaited the "further dispositional hearing", which, as stated above, was essentially a probation revocation hearing. After finding Brandon had violated the court-ordered conditions of probation, the court committed Brandon to DYS and applied the same 115-day credit previously ordered. J. Entry, at 2, ¶ C. As guaranteed by Thomas, Brandon is entitled to credit for the time he served after the GAL's motion was filed. Therefore, the fourth assignment of error is sustained.
 {¶ 19} The judgment of the Seneca County Common Pleas Court, Juvenile Division, is affirmed in part and reversed in part. This matter is remanded to the trial court to determine the proper amount of credit for time served.
Judgment affirmed in part and reversed in part and causeremanded.
 Shaw and Cupp, JJ., concur.
[1] The trial court apparently misspoke concerning the date of its prior judgment entry. The correct date is December 21, 2004, as cited in the judgment entry.