OPINION *Page 2 
{¶ 1} Pro se claimant-appellant Rosa L. Lemaster appeals the judgment of the Marion County Court of Common Pleas, which affirmed the decision of the appellee Unemployment Compensation Review Commission to disallow her application for federally-funded unemployment compensation benefits known as a trade readjustment allowance.[1] For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} Lemaster was employed as a factory worker by Parker Hannifin Corp. for more than 30 years. But on February 20, 2004, Lemaster was separated from her employment due to a lack of work. Prior to her separation, Lemaster was certified as an adversely affected worker under the Trade Readjustment Act of 1974 (TRA), which provides eligible employees who are laid-off as a result of import competition with a trade readjustment allowance.
 {¶ 3} Lemaster applied with the Ohio Department of Job and Family Services (ODJFS) for a trade readjustment allowance on the same day that she was separated from her employment. However, the ODJFS later disallowed Lemaster's application.
 {¶ 4} Several months later, Lemaster applied with the ODJFS for regular state unemployment compensation benefits under R.C. 4141.01 et seq. Unlike *Page 3 
Lemaster's application for a trade readjustment allowance, the ODJFS allowed Lemaster's application for regular state benefits in the amount of $323 per week, beginning April 4, 2004.
 {¶ 5} Lemaster asked the ODJFS to redetermine its decision to disallow her application for a trade readjustment allowance. The ODJFS did so, but issued a redetermination which affirmed its decision.
 {¶ 6} Lemaster appealed the ODJFS's redetermination, and the ODJFS transferred the appeal to the Unemployment Compensation Review Commission in accordance with R.C. 4141.281(B). A commission hearing officer then held a telephone hearing regarding Lemaster's appeal. Following the telephone hearing, the commission affirmed the ODJFS's decision. Although Lemaster requested that the commission reexamine its decision, the commission disallowed her request for review.
 {¶ 7} Lemaster next appealed the commission's decision to the Marion County Court of Common Pleas. Upon review of the record, the trial court affirmed the commission's decision. *Page 4 
 {¶ 8} Lemaster now appeals to this court and sets forth ten assignments of error for our review.[2] For purposes of clarity, we combine Lemaster's first, second, and fourth assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of Rosa L. Lemaster by citing that she only earned wages for five (5) calendar weeks in the 52-week period preceding her termination of employment from Parker Hannifin.
 ASSIGNMENT OF ERROR NO. II The Unemployment Compensation Commission erred to the prejudice of Rosa L. Lemaster by using the improper weeks to determine her eligibility for benefits as outlined in the Trade Readjustment Act of 1974.
 ASSIGNMENT OF ERROR NO. IV The Employment Compensation Review Commission erred to the prejudice of Rosa L. Lemaster by not taking into consideration the Supremacy Clause pertaining to her rights under federal law.
 {¶ 9} In her first, second, and fourth assignments of error, Lemaster claims that the commission erred in determining that she was not eligible to receive a trade readjustment allowance. Lemaster also claims that the trial court erred when it affirmed that determination. To support her claims, Lemaster argues that both the commission and the trial court miscalculated her weeks of qualifying employment. *Page 5 
 {¶ 10} In reviewing the commission's decision in this case, we must apply the same standard of review that the trial court applied below. See Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Servs. (1995),73 Ohio St.3d 694, 696-697, 653 N.E.2d 1207, citing Irvine v. Unemp. Comp. Bd.of Rev. (1985), 19 Ohio St.3d 15, 17-18, 19 OBR 12, 482 N.E.2d 587. In doing so, we may not make findings of fact or examine the credibility of the witnesses. Id. Rather, we must determine whether the commission's decision was "unlawful, unreasonable, or against the manifest weight of the evidence." Id.; R.C. 4141.282(H).
 {¶ 11} To be eligible to receive a trade readjustment allowance under the facts presented herein, a claimant must (1) exhaust all regular state unemployment compensation benefits, (2) be an adversely affected worker separated from adversely affected employment, (3) be covered by a certification, and (4) have had at least 26 weeks of employment at wages of $30.00 or more a week in the 52-week period immediately preceding the separation from employment. See 19 U.S.C. 2291(a); 20 C.F.R. 617.11(a). As to the last requirement, no more than seven weeks of vacation or leave may be counted toward the required 26 weeks. Id.
 {¶ 12} The relevant portion of Lemaster's employment history at Parker Hannifin is set forth within the record. During the first calendar quarter of 2003, *Page 6 
Lemaster worked one week and earned approximately $585.28. During the second and third calendar quarters of 2003, Lemaster was on leave due to an injury and did not work. During the fourth calendar quarter of 2003, Lemaster worked four weeks and earned approximately $4,916.60. Lemaster was separated from her employment on February 20, 2004, after which she did not work. The record is unclear as to whether Lemaster workeduntil her separation.
 {¶ 13} In the 52-week period immediately preceding February 20, 2004, the record reflects that Lemaster worked for a total of five weeks and was on leave for approximately 20 weeks. Under the TRA, only seven weeks of any leave period can be applied for the purpose of computing eligibility. Adding the five weeks that the record reflects Lemaster actually worked to the seven weeks of leave that count toward Lemaster's trade-allowance eligibility, Lemaster had 12 weeks of qualifying employment during the relevant time period. Even if we assumed that Lemaster worked during the first quarter of 2004 until her separation, Lemaster would nevertheless still not have a sufficient number of qualifying weeks of employment to be eligible for a trade allowance.
 {¶ 14} Lemaster argues on appeal that the severance pay that she received in accordance with an agreement between Parker Hannifin and the local workers' union counts as 20 weeks of qualifying employment. From this premise, Lemaster concludes that she satisfied the 26-week requirement because the 20-week period, *Page 7 
the time that she actually worked at Parker Hannifin, and her vacation and leave time, when added together, total 36 weeks of qualifying employment.
 {¶ 15} Lemaster did not present any persuasive or controlling authority to support her arguments, calculations, or conclusion in this case. And after thorough review, we have not found any such authority or any indication in the record that the commission miscalculated her weeks of qualifying employment for the purposes of trade-allowance eligibility.
 {¶ 16} For the foregoing reasons, we find that neither the commission's decision nor the trial court's decision was "unlawful, unreasonable, or against the manifest weight of the evidence." As such, we conclude that neither the commission nor the trial court erred in disallowing Lemaster's application for a trade readjustment allowance.
 {¶ 17} Lemaster's first, second, and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. III The Ohio Department of Job and Family Services and the Unemployment Compensation Review Commission erred to the prejudice of Rosa L. Lemaster by using the improper number of weeks in the 52-week period preceding her termination to determine her eligibility for Ohio unemployment benefits. *Page 8 
 {¶ 18} In her third assignment of error, Lemaster claims that the ODJFS and the commission should have awarded her regular state unemployment compensation benefits beginning on February 20, 2004, not April 4, 2004.
 {¶ 19} The decision of the commission at issue in this case did not determine Lemaster's eligibility to receive regular state unemployment compensation benefits or the amount of or beginning date for those benefits. Nor did the trial court's decision do so. As such, Lemaster may not raise those issues for the first time in this appeal, in which we determine no more than her eligibility to receive a trade readjustment allowance under the TRA.
 {¶ 20} Accordingly, Lemaster's third assignment of error is also overruled.
 {¶ 21} In addition to her four assignments of error, Lemaster sets forth six additional and reworded assignments of error in her reply brief. Those assignments of error provide:
 ASSIGNMENT OF ERROR NO. I The Ohio Department of Job and Family Services (ODJFS) erred to the prejudice of Rosa L. Lemaster by citing that she opened her claim for regular Ohio unemployment benefits on July 2, 2004, thus assigning an inaccurate "base period" for TRA determination.
 ASSIGNMENT OF ERROR NO. II ODJFS erred to the prejudice of Rosa L. Lemaster by not granting a timely transfer of this case to the review commission in response to her timely appeal of the director's redetermination. *Page 9 
 ASSIGNMENT OF ERROR NO. III ODJFS erred to the prejudice of Rosa L. Lemaster by claiming that she only worked five (5) calendar weeks in the fifty-two (52) week period preceding her termination of employment, from February 23, 2003 to February 21, 2004.
 ASSIGNMENT OF ERROR NO. IV The trial court erred to the prejudice of Rosa L. Lemaster by citing that she only had twelve (12) qualifying weeks for the purpose of TRA benefits eligibility[.]
 ASSIGNMENT OF ERROR NO. V ODJFS erred to the prejudice of Rosa L. Lemaster by citing that if claimant's TRA claim had been approved, her regular Ohio unemployment benefits would have been deducted from her TRA benefits.
 ASSIGNMENT OF ERROR NO. VI ODJFS erred to the prejudice of Rosa L. Lemaster by not following Ohio law which states that a claimant who is paid sick leave can use up to six (6) months for qualifying weeks when determining eligibility for Ohio unemployment compensation.
 {¶ 22} In her additional and reworded assignments of error, Lemaster advances several of the same arguments that she set forth in her original assignments of error, as well as a number of new arguments. For example, Lemaster argues for a second time that the commission and the trial court miscalculated her trade-allowance eligibility. But Lemaster also argues, in one of her additional assignments of error, that the ODJFS did not transfer her appeal to *Page 10 
the commission in a timely manner and, as a result, that the ODJFS and the commission violated her constitutional rights to due process and equal protection.
 {¶ 23} We find Lemaster's six additional and reworded assignments of error unavailing for two reasons. First, to the extent that the reworded assignments of error in Lemaster's reply brief set forth the same arguments that we considered in her original assignments of error, the reworded assignments of error lack merit. And, second, the applicable rules of appellate procedure and our prior precedent prohibit Lemaster from raising new assignments of error in her reply brief. See In reGibson, 3d Dist. No. 1-06-24, 2006-Ohio-5145, at ¶ 8, fn.2, citingIn re ZC, 12th Dist. Nos. CA 2005-06-065, CA 2005-06-081, 082,2006-Ohio-1787, at ¶ 20; see, also, App.R. 16(C); Loc.R. 7(B).
 {¶ 24} Lemaster's six assignments of error, which are either new assignments of error or reworded original assignments of error, are all overruled.
 {¶ 25} Having found no error prejudicial to Lemaster in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] In addition to the commission, Lemaster named the three full-time members of the commission and the director of the Ohio Department of Job and Family Services as parties in this case.
[2] As discussed infra, Lemaster sets forth four assignments of error in her brief and six additional assignments of error in her reply brief. *Page 1