[Cite as *Lang v. Dir., Ohio Dept. of Job & Family Servs.,* 134 Ohio St.3d 296, 2012-Ohio-5366.]

LANG ET AL., APPELLEES, *v.* DIR., OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, APPELLANT.

[Cite as *Lang v. Dir., Ohio Dept. of Job & Family Servs.,* 134 Ohio St.3d 296, 2012-Ohio-5366.]

*Unemployment compensation—Alternative Trade Adjustment Assistance for Older Workers—19 U.S.C. 2318(a)(3)(B)—Deference to agency's interpretation of statute.*

(No. 2011-1740—Submitted June 5, 2012—Decided November 21, 2012.)

APPEAL from the Court of Appeals for Seneca County,

Nos. 13-10-33, 13-10-34, and 13-10-35, 196 Ohio App.3d 80, 2011-Ohio-4327.

_____

LANZINGER, J.

{¶ 1} In this case, we must determine whether appellant, Ohio Department of Jobs and Family Services ("ODJFS"), properly denied applications for federal wage subsidies filed by appellees, three former employees of American Standard who later were reemployed at a lower wage before they reached the age of 50. Because ODJFS offered a reasonable interpretation of ambiguous language in the federal statute that established the wage subsidies, we conclude that ODJFS did not improperly deny the applications.

**I. Facts**

*A. Statutory Background*

{¶ 2} In 2002, Congress created a program called Alternative Trade Adjustment Assistance for Older Workers ("ATAA"), which provided wage supplements for certain unemployed workers who became reemployed at lower wage rates. 19 U.S.C. 2318. As enacted in 2002 and relevant to this case, the statute provided:

A worker in the group that the Secretary has certified as eligible for the alternative trade adjustment assistance program may elect to receive benefits under the alternative trade adjustment assistance program if the worker—

(i) is covered by a certification under subchapter A of this chapter;

(ii) obtains reemployment not more than 26 weeks after the date of separation from the adversely affected employment;

(iii) is at least 50 years of age;

(iv) earns not more than $50,000 a year in wages from reemployment;

(v) is employed on a full-time basis as defined by State law in the State in which the worker is employed; and

(vi) does not return to the employment from which the worker was separated.

Trade Act of 2002, Pub.L. No. 107-210, section 124, 116 Stat. 933, 945, *amended by* Pub.L. No. 108-429, section 2004, 118 Stat. 2434, 2590.

{¶ 3} Ohio has entered into a contract with the United States Department of Labor to facilitate the distribution of ATAA funds in the state. Pursuant to this contract, Ohio has agreed to follow federal statutes, regulations, and program directives in expending the ATAA funds. One directive is Training and Guidance letter ("TEGL") 2-03, issued by the United States Department of Labor Employment and Training Administration, which provided interim operating instructions for implementing ATAA. 69 Fed.Reg. 60904. In the portion setting forth eligibility requirements, the letter provides:

To be eligible for ATAA, an individual must meet the following conditions at the time of reemployment:

1. Be at least age 50 at time of reemployment. The individual's age can be verified with a driver's license or other appropriate documentation.

*Id.* at 60907.

*B. The Denial of ATAA Funds to the Applicants*

{¶ 4} In December 2007, appellees, James Lang, Mark Laibe, and Teddy Sharp ("the applicants"), were dismissed from their jobs at American Standard. They eventually found new employment and applied for ATAA. Each application was denied by ODJFS because none of the applicants was at least 50 years old at the time of reemployment. The applicants filed requests for redetermination, which were also denied by ODJFS.

{¶ 5} Lang appealed, and the matter was transferred to the Ohio Unemployment Compensation Review Commission, where a hearing officer reversed the determination and concluded that Lang's application for ATAA should be allowed because 19 U.S.C. 2318(a)(3)(B) does not require that an applicant be at least 50 years old on the date of reemployment. ODJFS requested review of the decision on Lang's application, and the Ohio Unemployment Review Commission reversed the hearing officer's decision and disallowed Lang's claim because he was not 50 years old when he became reemployed.

{¶ 6} Laibe and Sharp also appealed, but a hearing officer affirmed the determinations that the two were ineligible for ATAA. The Ohio Unemployment Review Commission then disallowed Laibe's and Sharp's requests for review of the hearing officer's decisions.

{¶ 7} The three applicants each appealed the commission's decisions denying their ATAA eligibility to the Seneca County Court of Common Pleas,

which consolidated the cases and reversed the commission's decisions. After recognizing that the statute is ambiguous because it did not address when an applicant must be at least 50 years of age—whether at the time of reemployment or at the time the application was filed—the trial court found that the Unemployment Compensation Review Commission was not compelled to follow TEGL 2-03. The trial court stated that the statute was intended to help workers and that awarding ATAA benefits to the applicants adhered to the clear intent of Congress in passing the act.

{¶ 8} On appeal, ODJFS argued that the trial court had erred by ignoring the United States Department of Labor's interpretation that the statute required those who apply for ATAA to be 50 years old at the time of their reemployment. *Lang v. Dir., Ohio Dept. of Job & Family Servs.*, 196 Ohio App.3d 80, 2011-Ohio-4327, 962 N.E.2d 357, ¶ 16. The Third District Court of Appeals rejected this argument and affirmed the judgment of the trial court. *Id.* at ¶ 36. A majority of the court of appeals panel concluded that 19 U.S.C. 2318(a)(3)(B) is unambiguous, reasoning that the language providing that a worker "may elect to receive benefits" if the worker "is at least 50 years of age" indicates that an individual must be at least 50 years old at the time the individual *elects* to receive ATAA benefits. *Id.* at ¶ 25. The majority reasoned that the requirement set forth in TEGL 2-03 that the applicant be 50 years old at the time of reemployment is not only unnecessary to carry out the ATAA provisions, but is also manifestly contrary to the language of the statute. *Id.* at ¶ 28. The dissenting judge concluded that the overall language of the statute compels a conclusion that the statute requires a worker to be 50 years old at the time of *reemployment*. *Id.* at ¶ 39-41.

{¶ 9} We accepted jurisdiction to address ODJFS's proposition of law: "An applicant cannot receive an ATAA wage subsidy unless he has reached 50

years of age at the time of reemployment." *See Lang v. Dir., Ohio Dept. of Job & Family Servs.*, 131 Ohio St.3d 1410, 2012-Ohio-136, 959 N.E.2d 1056.

## II. Analysis

{¶ 10} ODJFS argues that because of its contractual obligation to the United States Department of Labor, it was obligated to follow TEGL 2-03. ODJFS also argues that the letter reasonably interprets the ambiguity in the age requirement in the federal statute. Because of this ambiguity, the Department of Labor's expertise in the area, and the reasonableness of the Department of Labor's interpretation, ODJFS concludes that we should defer to the Department of Labor's interpretation. The applicants counter that the requirement in TEGL 2-03 that an applicant be 50 years old at the time of reemployment is unlawful and unreasonable and that neither the contractual obligations of ODJFS nor the principle of judicial deference to agency interpretations warrants reversal of the appellate court's decision.

### A. Standard of Review

{¶ 11} R.C. 4141.282(H) sets forth the standard of review for a decision made by the Unemployment Compensation Review Commission: "If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." This limited standard of review applies to all appellate courts. *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985). "[A] reviewing court may not reverse the commission's decision simply because 'reasonable minds might reach different conclusions.' " *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20, quoting *Irvine* at 18.

{¶ 12} The parties offer conflicting interpretations of 19 U.S.C. 2318(a)(3)(B), and thus this case involves a question of statutory interpretation.

A question of statutory construction presents an issue of law that we determine de novo on appeal. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8. We accordingly review the statute to determine whether its meaning is clear. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842-843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If the statute's meaning is unclear, our next task is to determine whether the agency's interpretation is entitled to deference. "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843.

*B. The Requirement of 19 U.S.C. 2318(a)(3)(B) that Applicants Be "at least 50 years of age" Is Ambiguous*

{¶ 13} The crux of the dispute between ODJFS and the applicants is whether the language of 19 U.S.C. 2318(a)(3)(B), which requires that those who apply for ATAA be at least 50 years of age, is ambiguous. ODJFS argues that the language is ambiguous and that the interpretation presented in TEGL 2-03 is reasonable. The applicants agree with the court of appeals that Congress clearly stated that an applicant must be 50 years old at the time he or she elects to receive ATAA benefits and that the statute is unambiguous.

{¶ 14} "A statute is ambiguous when its language is subject to more than one reasonable interpretation." *Clark v. Scarpelli*, 91 Ohio St.3d 271, 274, 744 N.E.2d 719 (2001). We agree with ODJFS that 19 U.S.C. 2318(a)(3)(B) is ambiguous, because it leaves open the question whether an applicant must be 50 years old at the time of reemployment or at the time application is made for benefits. To see the statutory ambiguity, one need look no further than the fact

that both ODJFS and the applicants offer reasonable and conflicting interpretations of the statute. On one hand, it is reasonable to read the statute as requiring applicants to be 50 years old at the time of reemployment. Applicants must have already obtained employment to satisfy 19 U.S.C. 2318(a)(3)(B)(ii), (iv), (v), and (vi), and thus it would be consistent to read subsection (a)(3)(B)(iii) to set the date of reemployment as the date upon which an applicant must be 50 years old. On the other hand, the applicants' interpretation of the statute is also reasonable, in that subsection (a)(3)(B)(iii) could be read as saying that a worker must be at least 50 years of age *at the time the worker elects to receive the benefits*. Given that there are two reasonable readings of the statute, we hold that 19 U.S.C. 2318(a)(3)(B) is ambiguous.

*C. ODJFS's Reasonable Interpretation of the Ambiguous Statute Is Entitled to Deference*

{¶ 15} As noted above, our standard of review in this case is deferential, and we do not agree with the applicants' argument that the decision of the commission was unlawful and unreasonable. The statute is ambiguous, and the interpretation by ODJFS is reasonable and not contrary to law. Regardless of whether ODJFS was contractually bound to follow TEGL 2-03, the agency chose to adopt the United States Department of Labor's reading of the statute as its own. In adopting this reasonable reading of the statute, ODJFS exercised its expertise and discretion, and we will not interfere with its reasonable and lawful decision.

{¶ 16} To be clear, we do not hold today that ODJFS was bound to follow TEGL 2-03. We merely conclude that ODJFS's interpretation is reasonable and entitled to deference given the ambiguity found in 19 U.S.C. 2318(a)(3)(b). R.C. 4141.282(H) sets forth a highly deferential standard for reviewing decisions of the Unemployment Compensation Review Commission, and this court will not reject a decision that is lawful and reasonable.

### III. Conclusion

{¶ 17} The Unemployment Compensation Review Commission's decision in this case that the applicants are not entitled to ATAA benefits is reasonable and entitled to deference. We reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON and MCGEE BROWN, JJ., concur.

PFEIFER and O'DONNELL, JJ., dissent.

CUPP, J., dissents and would dismiss the appeal as having been improvidently accepted.

_____

**PFEIFER, J., dissenting.**

{¶ 18} The majority opinion states that "19 U.S.C. 2318(a)(3)(B) is ambiguous, because it leaves open the question whether an applicant must be 50 years old at the time of reemployment or at the time application is made for benefits." Majority opinion at ¶ 14. In doing so, the majority opinion confuses a statute's lack of comprehensiveness with ambiguity. There is no question that the statute is not comprehensive. That should surprise nobody; it is exceedingly difficult to draft a statute that covers every single potentiality. But failing to do so is not the standard for ambiguity.

{¶ 19} With respect to the issue before us, the statute reads: "A worker in the group that the Secretary has certified as eligible for the alternative trade adjustment assistance program may elect to receive benefits * * * if the worker * * * is at least 50 years of age." Trade Act of 2002, Pub.L. No. 107-210, section 124, 116 Stat. 933, 945, *amended by* Pub.L. No. 108-429, section 2004, 118 Stat.

2434, 2590.  No term or word in that sentence is ambiguous; neither is the sentence as a whole.  The sentence is understandable and reasonable and fits within the scheme of the statute.  It is not susceptible of more than one meaning.  Yet the majority opinion analyzes the sentence as if it is ambiguous.  It compounds that mistake by granting undue deference to an agency interpretation.  Such deference is due only when a statute is ambiguous.

{¶ 20} The majority opinion violates some of our most common precepts.  In *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.*, 58 Ohio St. 2d 1, 4, 387 N.E.2d 1222 (1979), we stated that where language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written.  In *Crowl v. DeLuca*, 29 Ohio St.2d 53, 58-59, 278 N.E.2d 352 (1972), we stated that absent ambiguity or doubt, a statute "is not subject to judicial modification in the guise of interpretation."  In *Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm.*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969), we stated that that this court has a duty "to give effect to the words used [in a statute], not to delete words used or to insert words not used."  Today, the majority opinion does not "enforce the statute as written," modifies the statute under the guise of interpretation, and adds words to the statute.  That an agency had already done so does not excuse this court from its obligation to enforce the statute as written.

{¶ 21} Congress could have stated that applicants are not eligible unless they are 50 years old at the time of reemployment.  It did not.  Instead, Congress enacted a statute that states that applicants may elect to receive benefits if, among other things, they are at least 50 years old.  The plain meaning of the statute is not ambiguous.  Accordingly, I would analyze it without according deference to the letter issued by the United States Department of Labor Employment and Training Administration or the decision made by the Ohio Unemployment Review Commission.

**{¶ 22}** Because the applicants were 50 years old when they elected to receive benefits, I conclude that the applicants fit within the standard set forth in 19 U.S.C. 2318(a)(3)(B)(iii). I would affirm the decision of the court of appeals or declare that the case was improvidently accepted. I dissent.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Jason E. Dawicke; and Kenneth J. Kowalski, Employment Law Clinic, Cleveland-Marshall College of Law, for appellees.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, Peter K. Glenn-Applegate, Deputy Solicitor, and Eric A. Baum, Assistant Attorney General, for appellant.

_____