[Cite as *Twism Ents., L.L.C. v. State Bd. Registration for Professional Engineers & Surveyors*, 2021-Ohio-3665.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TWISM ENTERPRISES, LLC, d.b.a. VALUCADD SOLUTIONS, | : | APPEAL NOS. C-200411 C-210125 |
| | : | TRIAL NO. A-1906019 |
|     Plaintiff-Appellee/Cross-Appellant, | : | |
|   vs. | : | *O P I N I O N.* |
| STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND SURVEYORS, | : | |
| | : | |
|     Defendant-Appellant/Cross-Appellee. | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Judgment Entered

Date of Judgment Entry on Appeal: October 13, 2021

*Wood + Lamping LLP,* and *Dale A. Stalf,* for Plaintiff-Appellee/Cross-Appellant,

*Dave Yost,* Ohio Attorney General*,* and *Brian R. Honen,* Assistant Attorney General, for Defendant-Appellant/Cross-Appellee.

**Bock, Judge.**

{¶1} Defendant-appellant/cross-appellee State Board of Registration for Professional Engineers and Surveyors ("the Board") appeals the trial court's judgment, which determined that the Board improperly denied plaintiff-appellee/cross-appellant Twism Enterprises, LLP's ("Twism") application for a "Certificate of Authorization" ("COA") to provide engineering services in Ohio.

{¶2} Twism cross appeals, asserting that the trial court improperly denied its motion for attorney's fees. For the reasons stated herein, we reverse the trial court's judgment in favor of Twism and enter judgment in favor of the Board.

## I. Facts and Procedure

### A. The Application for and Denial of a Certificate of Authorization

{¶3} The parties agree that the facts are undisputed. In December 2018, Shawn Alexander, the principal of Twism, applied to the Board for a COA. On the application, Alexander designated James L. Cooper, P.E., a licensed professional engineer who holds a COA, to provide engineering services as the responsible professional engineer for, and in charge of, Twism's engineering services.

{¶4} Cooper provided a list of projects for which he was providing engineering services on Twism's behalf. Cooper stated that Twism had asked him to be the engineering manager for "future work," he is retired, does not desire employment benefits, and would "remain a '1099 Employee' with TWISM." In response to the Board's concern that Twism was performing engineering services without a COA, Alexander explained that Cooper was performing engineering services on Twism's behalf throughout the pendency of Twism's COA application

2

process. Cooper would then invoice Twism, which would invoice the customer so that the client would receive only one invoice.

{¶5} The Board denied Twism's COA application, determining that it had not designated a full-time manager to be responsible for and in responsible charge of Twism's professional engineering activities and decisions for the firm as required by R.C. 4733.16(D).

{¶6} Twism administratively appealed the denial. Twism attached a letter indicating that, per its COA application, Cooper would be the full-time manager of professional engineering activities for Twism. Twism attached a copy of its operating agreement, which named Cooper as the manager to oversee "all of the day to day operations of the engineering department * * * responsible for and in responsible charge of the professional engineering activities and decisions for TWISM * * *."

{¶7} During a hearing on the administrative appeal, Twism stipulated that it paid Cooper as a 1099 independent contractor. The parties briefed whether R.C. 4733.16(D) requires a responsible engineer to be directly employed by the company.

{¶8} A hearing officer issued a "Report and Recommendation." It stated that Cooper was not an "employee" as defined by Ohio Adm.Code 4733-39-02(B) because he was a 1099 independent contractor who worked "as needed." The officer found that it was reasonable for the Board to require the responsible engineer to be a full-time employee or a member who devotes all of his or her professional time to the company. The hearing officer recommended upholding the Board's initial denial of the COA. The Board voted unanimously to adopt the hearing officer's report and to uphold the denial.

3

B.  Twism's Appeal to the Hamilton County Court of Common Pleas

{¶9}    Twism appealed the Board's decision to the trial court. After a hearing, the magistrate issued a decision reversing the Board's decision. The Board filed objections to the magistrate's decision.

{¶10}  The trial court overruled the Board's objections to the magistrate's decision. In its entry, the court restated that the requirements listed in R.C. 4733.16 (D) only require a firm seeking a COA to "designate one or more full-time * * * managers * * * as being responsible for and in responsible charge of the professional engineering or professional surveying activities * * * and those designated persons shall be registered in this state." It restated the definition of "full-time" per Ohio Adm.Code 4733-39-02, and, noting that the parties had stipulated that Cooper was a professional engineer and "1099 employee" of Twism, determined that "Cooper was properly designated as the full-time manager in Twism's COA application in accordance with the requirements of R.C. 4733.16(D) * * *."

{¶11}  In upholding the magistrate's decision, the trial court determined that "the Board's insistence that a full-time manager be a 'W-2 employee' that 'devotes all his/her time to that company as an employee creates new, substantive requirements that are not found in the statute.' "

{¶12}  The trial court found that the Board's construction went "beyond the interpretation of the statute and becomes a new, unwritten requirement that could not have been anticipated by any applicant and is therefore unreasonable." The trial court's entry adopted the magistrate's decision in part (it found that the magistrate had misinterpreted parts of the statute), reversed and vacated the Board's decision, and ordered the Board to issue the COA to Twism.

4

C. Twism's Motion for Attorney's Fees

**{¶13}** After the trial court entered its order, Twism moved for attorney's fees under R.C. 2335.39(B) based on its contention that it was the prevailing party in the action and entitled to reimbursement of attorney's fees because the Board's position was not substantially justified. Twism noted that the magistrate's decision had concluded that "there is absolutely no rational basis" for the Board's interpretation of R.C. 4733.16(D) or Ohio Adm.Code 4733-39-02(B). Twism further argued that the court's own entry stated that the Board had gone "beyond interpretation of the statute" and had created "a new, unwritten requirement that could not have been anticipated by any applicant and is therefore unreasonable." The court denied the motion, stating that the Board was substantially justified in its decision and that it was trying to protect the interest of the public.

## II. Board's Assignment of Error

**{¶14}** The parties and trial court agree there are no material disputed facts. Thus, the question for this court is whether the trial court properly applied R.C. 4733.16(D) and Ohio Adm.Code 4733-39-02. Therefore, this court must determine whether the statute and regulation permit an independent contractor to serve as a "full-time manager" for the purposes of obtaining a COA.

**{¶15}** The Board argues that the trial court was required, and failed, to defer to the Board's construction of R.C. 4733.16 and Ohio Adm.Code 4733-39-02 as it was in accordance with the law and supported by reliable, probative, and substantial evidence. The Board asserts that in deferring to its construction of the statute and administrative rule, the trial court should have determined only if its interpretation

5

was reasonable. This is incorrect. A court's first step is to determine whether the statute or rule is ambiguous.

{¶16}  "A court owes no duty of deference to an administrative interpretation unless it finds the ordinance ambiguous." *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 29; *see Wells Fargo Bank, N.A. v. Isaacs*, 1st Dist. Hamilton No. C-100111, 2010-Ohio-5811, ¶ 10 (deference to an agency's interpretation of its regulations applies only if the regulation is ambiguous); *Lang v. Dir., Ohio Dept. of Job and Family Servs.*, 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636, ¶ 12 ("A court, as well as an agency, must give effect to the unambiguously expressed intent of [the legislature]."); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."); *State ex rel. Fire Rock, Ltd. v. Ohio Dept. of Commerce*, 163 Ohio St. 3d 277, 2021-Ohio-673, 169 N.E. 3d. 665, ¶ 18 (an administrative rule with unambiguous text is not entitled to administrative deference.).

{¶17}  Therefore, if the statute and rule are unambiguous, this court's review is purely a question of law and we conduct a de novo review. *Lang* at ¶ 12. Only if the statute or regulation is ambiguous must we defer to the agency's interpretation to determine if it is reasonable.

### III.  Law and Analysis

{¶18}  A statute is ambiguous when its language is subject to more than one reasonable interpretation. *Bernard v. Unemp. Comp. Rev. Comm.*, 136 Ohio St.3d 264, 2013-Ohio-3121, 994 N.E.2d 437, ¶ 13.

{¶19}  "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation. * * * An unambiguous statute is to be applied, not interpreted." *State ex rel. Newark Group, Inc. v. Admr., Bur. of Workers' Comp.*, 10th Dist. Franklin No. 19AP-544, 2021-Ohio-1939, ¶ 30, quoting *Sears v. Weimer*, 143 Ohio St. 312, 316, 55 N.E.2d 413 (1944); see *In re Certificate of Need Application for Project "Livingston Villa" Cuyahoga Cty.*, 10th Dist. Franklin No. 15AP–1146, 2017-Ohio-196, ¶ 38 ("If a statute's meaning is clear, unequivocal, and definite, then statutory interpretation ends, and the court applies the statute according to its terms."); *State v. Reedy*, 10th Dist. Franklin No. 05AP-501, 2006-Ohio-1212, ¶ 12 ("Courts may not ignore plain and unambiguous statutory language.").

{¶20}  When interpreting an administrative rule, unambiguous text must be applied according to its terms, without adding or subtracting words. *State ex rel. Fire Rock, Ltd.*, 163 Ohio St.3d 277, 2021-Ohio-673, 169 N.E.3d 665, at ¶ 13; *see Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 19.

#### A.  The Statute and Rule

{¶21}  R.C. 4733.16 states, in pertinent part, that "[e]ach * * * limited liability company * * * through which professional engineering or professional surveying services are offered or provided in this state shall designate one or more full-time

partners, managers, members, officers, or directors as being responsible for and in responsible charge of the professional engineering or professional surveying activities and decisions, and those designated persons shall be registered in this state * * *."

{¶22} Generally, independent contractors provide goods or services to an entity under terms specified in a contract or within a verbal agreement. *State ex rel. Ohio Valley Selective Harvesting, L.L.C. v. Buehrer*, 10th Dist. Franklin No. 16AP-5, 2017-Ohio-369, ¶ 18. Unlike an employee, an independent contractor does not work regularly for an employer and usually performs a special service that is not in the normal course of business of the employer. *Id.* As business owners, independent contractors incur their own expenses to provide the contracted services, including furnishing their own supplies and equipment, providing their own insurance, and covering all other expenses related to their business. *Id.* Independent contractors also typically retain control over their schedule and number of hours worked, jobs accepted, and performance of their jobs. *Id.*

B. "[F]ull-time * * * manager" is subject to multiple reasonable interpretations

{¶23} The meaning of "full-time * * * manager" is at issue in this case.

{¶24} An entity seeking a COA must designate a person to be in charge of its engineering activities who is a "partner[], manager[], member[], officer[], or director[]" and who "work[s] more than thirty hours per week or work[s] substantially all the engineering or surveying hours for" the entity seeking a COA. R.C. 4733.16(D); Ohio Adm.Code 4733-39-02(B).

{¶25} R.C. 4733.16(D) places the word "manager" in the middle of several other terms—partner, member, officer, and director. Partners, members, officers,

and directors are directly employed by or otherwise closely affiliated with a company. Due to the placement of "manager" in the statute, it is reasonable to find that a "full-time manager" must work directly for the entity seeking the COA.

{¶26} But it is not uncommon for companies to outsource management duties to independent contractors. *E.g.*, *FirstMerit Bank, N.A. v. Xyran Ltd.*, 8th Dist. Cuyahoga No. 102905, 2016-Ohio-699, ¶ 9 (Physician's office manager was an independent contractor.); *Kimble Mixer Co. v. St. Vincent*, 5th Dist. Tuscarawas No. 2005 AP 09 0068, 2006-Ohio-2258, ¶ 2 (Cement manufacturer contracted with corporation to provide management of manufacturing and engineering.); *Sys. Automation Corp. v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 04AP-97, 2004-Ohio-5544, ¶ 2 (Ohio Department of Administrative Services outsourced day-to-day management of a project to an independent contractor.). Thus, "manager" could mean a person contracted to provide management over a project or services.

{¶27} Relevant here, "full time" requires the manager to work substantially all of the engineering services "for a * * * limited liability company." The Board interpreted "working for" to require that Cooper work directly for Twism because independent contractors work for their own business, rather than for their client. Twism argues that because Cooper bills Twism for his work, he is "working for" Twism.

{¶28} We find that both parties' definitions of "full-time manager" are reasonable. The statute could require a manager to be directly affiliated with the entity or an independent contractor to whom the entity outsourced management duties. And the administrative rule could require full-time managers to work directly for the entity or simply bill the entity for their work.

9

{¶29} Because there are different, reasonable readings of "full-time manager," we find that the term is ambiguous. As such, this court must defer to the Board's interpretation.

### C. The Trial Court Erred in Reversing the Board's Decision

{¶30} There is no dispute that 1.) Twism designated Cooper, an independent contractor, as the manager in charge of its professional engineering activities; 2.) Twism's operating agreement named Cooper as the manager of Twism; 3.) Cooper would provide all of the professional engineering services for Twism; and 4.) Cooper was appropriately registered as a professional engineer in this state.

{¶31} This court must defer to the Board's reasonable interpretation of ambiguous statutes and administrative rules. Such deference is proper because the Board is Ohio's body of professionals with expertise in professional engineering, which is charged with interpreting those statutes and rules that govern its area of expertise.

{¶32} Because the rule and statute are subject to different, reasonable interpretations, the trial court should have deferred to the Board's interpretation. The trial court improperly reversed the Board's denial of Twism's COA application. The Board's assignment of error is sustained.

## IV.    Attorney's Fees

{¶33} Twism's assignment of error argues that the trial court erred by denying its motion for attorney's fees. A party who prevails in an appeal of an administrative order to a trial court may move to recover attorney's fees against the state. R.C. 2335.39(D). Because we reverse the trial court's decision, Twism's assignment of error is moot and we do not address it.

## V.    Conclusion

{¶34} R.C. 4733.16 and Ohio Adm.Code 4733-3-02(B) are subject to different, reasonable meanings. As such, the trial court should have deferred to the Board's reasonable construction of the rule and statute. The trial court erred by substituting its judgment for that of the Board in determining that the independent contractor relationship between Twism and Cooper satisfied the requirements of R.C. 4733.16 and Ohio Adm.Code 4733-93-02.

{¶35} We therefore reverse the trial court's judgment in favor of Twism and enter judgment in favor of the Board.

Judgment accordingly.

**MYERS, P.J.**, and **CROUSE, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion

11