OPINION
{¶ 1} Plaintiff-Appellant Shawn Watson appeals from a judgment of the Montgomery County Court of Common Pleas affirming the Ohio Unemployment Compensation Review Commission's rejection of his request for review of the denial of *Page 2 
his application for unemployment benefits. Watson contends that the trial court should have reversed the Commission's refusal to review his case because he was fired unfairly. Because Watson's employment was terminated for insubordination, which constitutes just cause, we conclude that the trial court's decision affirming the Commission's denial of Watson's request for review is not unlawful, unreasonable or against the manifest weight of the evidence. Accordingly, we affirm the judgment of the trial court.
 I {¶ 2} In 2003 or 2004, Watson began contracting with Ohio Home Health Care (OHHC) as a home health aide. In May, 2006, he was hired by OHHC as an employee. On August 10th of that year, Watson's staffing coordinator received a phone call from a client regarding concerns over the division of labor between Watson and another aide. Several days later the coordinator went to the client's home to address the problem. At that time, the client complained that Watson had touched him inappropriately by "twisting [his] nipples."
 {¶ 3} The coordinator reported the complaint to her supervisors, and Watson was placed on a temporary suspension and told not to visit any clients. When he was advised of the suspension by two supervisors, Watson initially refused to accept their authority, but he accepted the decision from an OHHC administrator. Nevertheless, later that day Watson called from another client's home and reported that he was there. Watson refused to leave, despite his employer's insistence. After OHHC confirmed that Watson was at a client's home, the agency called the police. Watson was terminated *Page 3 
for insubordination.
 {¶ 4} Watson filed a claim for unemployment benefits, which was denied by the Ohio Department of Job and Family Services, because the Department found that Watson had been terminated for just cause. He appealed, and the Department transferred jurisdiction to the Unemployment Compensation Review Commission. At the hearing, Watson denied knowledge of the allegation of inappropriate touching. He also claimed that he had never been told of the suspension and that he had never challenged the authority of his supervisors. The hearing officer found that Watson had been terminated for just cause, and the denial of benefits was upheld. Watson filed for review, which the Commission denied. Watson then appealed to the Montgomery County Court of Common Pleas. The trial court affirmed the Commission refusal to review the denial of benefits. Watson appeals.
 II {¶ 5} Although Watson identifies no specific assignments of error, in essence he argues that the trial court erred in affirming the Commission's rejection of his request for a review of the denial of his claim for unemployment benefits because he was fired unjustly. "[A]ppellate courts may reverse a board decision if it is unlawful, unreasonable or against the manifest weight of the evidence."Tzangas, Plakas, Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 696, 653 N.E.2d 1207, citation omitted. See, also, R.C. § 4141.282. We conclude that the Commission's decision was not unlawful, unreasonable or against the manifest weight of the evidence. Accordingly, the trial court properly affirmed the Commission's denial of Watson's request for review. *Page 4 
 {¶ 6} When an individual is terminated for just cause, he is ineligible for unemployment benefits. R.C. § 4141.29(D)(2)(a). "Traditionally, just cause, in the statutory sense, is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. State, Unemployment Compensation Bd.of Review (1985), 19 Ohio St.3d 15, 17, 482 N.E.2d 587.
 {¶ 7} In this case, the hearing officer's decision states that Watson was discharged for just cause due to insubordination. Specifically, Watson was placed on suspension and told by several supervisors not to go to any clients' homes. Watson promptly ignored those direct orders and went to a client's home. Moreover, he refused to leave the home until police were called. Therefore, the record supports the Commission's conclusion that Watson was discharged as a direct result of his insubordination. In other words, OHHC terminated Watson for just cause. Accordingly, the trial court found that the Commission's decision disallowing his request for review was not unreasonable, unlawful, or against the manifest weight of the evidence.
 {¶ 8} Similarly, we conclude that the trial court's decision affirming the Commission's denial of review was not unreasonable, unlawful, or against the manifest weight of the evidence. Watson's assignment of error is overruled.
 III {¶ 9} Watson's assignment of error having been overruled, the judgment of the trial court is Affirmed.
 DONOVAN, P.J., and BROGAN, J., concur. *Page 5 
Shawn J. Watson, Nancy Rogers, Robin A. Jarvis, Hon. Mary Katherine Huffman. *Page 1