[Cite as *Scali v. CSA HS UHHS Canton, Inc.*, 2012-Ohio-577.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| LAURA SCALI | : | Hon. Patricia Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011-CA-00165 |
| CSA HS UHHS CANTON, INC., ET AL | : | |
| | : | |
| | : | O P I N I O N |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:     Administrative appeal from the Stark County Court of Common Pleas, Case No.2010CV03609

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 13, 2012

APPEARANCES:

For - Appellee - CSA HS UHHS Canton        For – Appellant Laura Scali

TZANGAS, PLAKAS, MANNOS & RAIES        BRENT ENGLISH
DAVID DINGWELL        M.K. Ferguson Plaza
AMANDA M. PAAR CONROY        Ste 470
220 Market Avenue South, 8th Fl.        1500 West Third Street
Canton, OH 44702        Cleveland, OH 44113-1422

For - Director – ODJ&FS

SUSAN SHEFFIELD
Assistant Attorney General
20 West Federal Street, 3rd Floor
Youngstown, OH 44503

*Gwin, P.J.*

{1}    Appellant Laura A. Scali appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which affirmed the decision of the Ohio Unemployment Compensation Review Commission's denying her unemployment compensation benefits.   Appellees are CSA HS UHHS Canton, Inc. (hereinafter "Mercy"), and the Director of the Ohio Department of Job and Family Services.  Appellant assigns a single error:

{2}    "THE REVIEW COMMISSION'S DECISION THAT SCALI WAS DISCHAGED FOR JUST CAUSE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS UNREASONABLE."

{3}    The hearing officer who reviewed appellant's claim found she had been employed by Mercy from October 20, 2008 until she was discharged on December 11, 2009.  She was employed as a dental care assistant.  The hearing officer found Mercy discharged appellant for unsatisfactory performance after she received several formal warnings for her performance in customer service.  The hearing officer found appellant contended that the patients who complained were just difficult and she was following office policy.  The hearing officer found appellant was hired to provide customer service and after receiving warnings and offers of training, she continued to receive complaints from customers.  The hearing officer found based upon the evidence, appellant was discharged for just cause in connection for her work.

{4}    The Unemployment Compensation Review Commission confirmed the hearing officer's findings, finding it had reviewed the entire record and concluded appellant's claim for unemployment compensation should be disallowed.

**{5}** Appellant appealed the matter to the Court of Common Pleas pursuant to R.C. 4141.282. The trial court recited the factual background, adding more detail than the hearing officer had included, and affirmed the administrative decision. From that judgment, this appeal ensues.

**{6}** Our standard of review in unemployment compensation cases is limited. An appellate court may reverse a board's decision only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. See, *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services*, 73 Ohio St.3d 694, 696, 1995–Ohio–206, 653 N.E.2d 1207, citing *Irvine v. Unemployment Compensation Board of Review*, 19 Ohio St.3d 15, 17–18, 482 N.E.2d 587 (1985). An appellate court may not make factual findings or determine the credibility of the witnesses, but rather, is required to make a determination as to whether the board's decision is supported by evidence on the record. Id. The hearing officer, as the fact finder, is in the best position to judge the credibility of the witnesses. *Shaffer–Goggin v. Unemployment Compensation Review Commission,* Richland App. No. 03–CA–2, 2003–Ohio–6907, citing *Hall v. American Brake Shoe Co.*, 13 Ohio St.2d 11, 233 N.E.2d 582 (1968); *Brown–Brockmeyer Co. v. Roach* , 148 Ohio St. 511, 76 N.E.2d 79 (1947).

**{7}** Mercy produced documentation regarding four violations of its disciplinary policy which occurred in less than one year. The first was on June 5, 2009, when Mercy gave appellant a verbal warning for making a personal phone call in a patient area without notifying her department manager.

**{8}** The second warning indicated two patients had complained about the service they received on the phone with appellant, specifically, that she was rude and

unprofessional and was unable to help them with the information they were trying to get. In response, appellant wrote she was sorry that two patients felt she was unable to help them because she tried to listen to every patient and address their needs. She stated that although she had attempted to help the two patients, she could not give them the outcome they wanted at that particular time, but she would try to be more aware of her reactions.

{9} The next warning indicated Mercy had received a letter from a current patient regarding the way she alleged appellant spoke to her and treated her over the phone. Specifically, the patient said she was rude and not at all professional. Mercy attached the letter itself from the patient to the warning. The letter recites that writer had called the dental clinic and was told she could not schedule treatment until she set up a treatment plan, met with a financial counselor, and had dental x-rays, for which she would be billed. The writer felt appellant was condescending about the writer's intelligence. The letter writer expressed the opinion the person who scheduled appointments should not make decisions about any need for updated treatment plans or a patient's ability to pay.

{10} The writer of the letter also complained appellant told her the cost was only $37.00, which was she felt was disrespectful and insensitive to the patient's financial situation. The writer said although most of the conversation was professional, appellant became sarcastic at one point. Appellant responded she did not remember having the conversation and she would be surprised if she actually said those things. She asserted she tried to be very respectful and mindful of the patient's needs and feelings.

{11} The final complaint which triggered the termination of appellant's employment was on December 11, 2009, wherein the supervisor had received a complaint call, followed up by a written complaint from a patient, wherein he indicated he was very disappointed by the treatment he had received from appellant when making a dental appointment. He felt "brushed off" when he asked several questions that were important to him, and was made to feel stupid by the employee's responses to his questions. Appellant responded that she did not brush off the patient but attended to all of his inquires except those involving insurance. Everyone else was in a staff meeting and appellant was unable to answer insurance questions, so she advised him to contact his insurance company directly.

{12} Appellant argues the decision was against the manifest weight of the evidence and was unreasonable. She asserts the evidence presented to the hearing officer was hearsay, which, while permissible in an administrative hearing, should not carry the same weight as testimony of live witnesses.

{13} The Director of the Ohio Department of Job and Family Services argues, among other things, that appellant had failed to object to the introduction of hearsay evidence, and has thus waived the issue. We do not agree. There is a distinction to be drawn between an objection to the admission of evidence and an assertion the evidence is insufficient to support the decision. In her brief appellant does not argue hearsay should not be admitted in an administrative hearing, but argues there was no corroborating evidence, and thus, the evidence was not sufficient to support the hearing officer's decision.

**{14}** Appellant also argues the record does not show Mercy adhered to its written policy of progressive discipline, and the record does not show Mercy investigated the complaints before taking disciplinary action against her. Appellant argues the record shows Mercy simply accepted the patients' complaints as true in spite of appellant's explanation and denials.

**{15}** This court must affirm the trial court's decision if we find it is supported by some evidence in the record, and we find the record does contain sufficient, competent and credible evidence from which the trial court could affirm the administrative decision. This court is not permitted to substitute its judgment for that of the finder of fact even if our judgment in the matter would have been different.

**{16}** The assignment of error is overruled.

**{17}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

WSG:clw 0113

[Cite as *Scali v. CSA HS UHHS Canton, Inc.*, 2012-Ohio-577.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

LAURA SCALI                                        :
                                                   :
              Plaintiff-Appellant                  :
                                                   :
                                                   :
-vs-                                               :        JUDGMENT ENTRY
                                                   :
CSA HS UHHS CANTON, INC., ET AL                    :
                                                   :
                                                   :
              Defendant-Appellee                   :        CASE NO. 2011-CA-00165


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.


                                        _____
                                        HON. W. SCOTT GWIN

                                        _____
                                        HON. PATRICIA A. DELANEY

                                        _____
                                        HON. WILLIAM B. HOFFMAN