[Cite as *Johnson v. Cleveland*, 2012-Ohio-5744.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98312

## SANDRA JOHNSON

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767173

**BEFORE:**   Boyle, P.J., Celebrezze, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   December 6, 2012

FOR APPELLANT

Sandra Johnson, pro se
19200 Monterey Avenue
Euclid, Ohio   44119

ATTORNEYS FOR APPELLEES

**For city of Cleveland**

Barbara A. Langhenry
Director of Law
Doston B. Jones
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio   44114

**For Director, Ohio Department of Job and Family Services**

Michael DeWine
Ohio Attorney General
Patrick MacQueeney
Assistant Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, Ohio   44113-1899

MARY J. BOYLE, P.J.:

{¶1} Appellant Sandra Johnson appeals from the trial court's decision affirming a judgment of the Ohio Unemployment Compensation Review Commission ("UCRC") that denied her claim for unemployment benefits. Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶2} Appellee city of Cleveland ("the City") hired Johnson in June 1998 and subsequently discharged her in March 2011 for inadequate job performance. At the time of her discharge Johnson was working as a building inspector. The City terminated Johnson following her third incident of violating the City's civil service rules within a one-year period.

{¶3} The three incidents leading to Johnson's ultimate discharge are as follows. The City first disciplined Johnson for insubordination on April 21, 2010, imposing a five-day suspension, as a result of her refusal to follow the direct order of her chief. Next, on January 6, 2011, the City disciplined Johnson with a ten-day suspension after finding that she submitted false paperwork claiming that she worked on two days that she did not. Finally, on March 17, 2011, the City terminated Johnson as part of its progressive discipline policy after finding that she inspected a property on January 6, 2011, without legal authority to do so. The City determined that Johnson's incompetence in this instance, along with her previous violations of the City's policies and procedures, warranted her termination.

{¶4} The day following her termination, Johnson applied for unemployment benefits with appellee Ohio Department of Job and Family Services. The agency disallowed the

application, determining that Johnson had been discharged with just cause. On appeal, the director's redetermination affirmed the denial of benefits. A second appeal followed, and the matter was transferred to the UCRC for an evidentiary hearing.

{¶5} On August 15, 2011, a telephone hearing was held on Johnson's appeal. The hearing officer heard from all parties present, including Johnson and her union representative. Johnson admitted that she did search a property that was not listed on the search warrant but argued that her chief told her to search it and that the property belonged to the City. Johnson further admitted that she did not work on the two days that she had submitted paperwork claiming to have worked. She stated, however, that she submitted the paperwork only to "compare records." With respect to the other disciplinary action taken against her, Johnson stated that she refused to sign-off approving a final inspection because she believed that the building had code violations.

{¶6} Conversely, the City presented the testimony of its labor relations manager, Nycole West, who testified that Johnson was discharged for her violation of civil service rules. Contrary to Johnson's testimony, West testified that Johnson's chief instructed her to enter the property that was subject to the search warrant — "not the other property." With respect to the five-day suspension, Johnson was issued the disciplinary sanction after the City's chief and the chief building official evaluated the building based on Johnson's stated concern, informed her that the building was code compliant, and then directed her to sign-off, which she refused. Finally, West testified that Johnson submitted fraudulent paperwork indicating that she was at

work on April 20, 2010 and June 23, 2010, when she was not there on those days — a fact that the City confirmed by running her parking records, her swipe card, and checking her computer.

{¶7} The hearing officer subsequently issued a decision affirming the director's redetermination that Johnson was discharged for just cause. In support of his decision, the hearing officer reasoned the following:

Claimant was discharged by the City of Cleveland due to inappropriate conduct.

The evidence and testimony presented establishes that, while executing a search warrant, claimant exceeded her authority and entered a property for which she did not have authorization to enter. Given this situation and given claimant's prior disciplinary actions, claimant engaged in fault sufficient to suspend her unemployment compensation benefit rights. Claimant was discharged by the City of Cleveland for just cause in connection with work. As claimant's separation was disqualifying, her Application for Determination of Benefit Rights is disallowed.

{¶8} Johnson subsequently filed a request for review, and on October 5, 2011, the full UCRC issued a decision disallowing Johnson's request. Johnson appealed to the common pleas court. In her brief, Johnson appeared to be attacking the factual findings of the hearing officer, arguing that her inspection of the property not listed on the search warrant was permissible. She further contended that the City's stated reasons for discharge were false. According to Johnson, the City initiated all three disciplinary actions against her as retaliation

for her being a union representative and having filed grievances against the department of building and housing.

{¶9} The City responded, countering that the UCRC's decision was supported by the record because Johnson "engaged in fault sufficient to deem her ineligible to receive unemployment compensation benefits."

{¶10} The trial court affirmed the decision of the UCRC, "finding the decision was not unlawful, unreasonable, nor against the manifest weight of the evidence."

{¶11} Johnson now appeals to this court.

Manifest Weight of the Evidence

{¶12} Although it is not entirely clear from her brief, Johnson appears to be attacking the trial court's judgment as being against the manifest weight of the evidence. In support of this argument, Johnson argues in her two assignments of error that (1) the trial court erroneously decided the case despite the existence of issues of fact and the absence of motions for summary judgment; and (2) the trial court's ruling ignored the evidence presented by Johnson contradicting the City's evidence. These arguments have no merit.

{¶13} First, contrary to Johnson's insinuation, Johnson was not entitled to a new trial on the issues raised before the UCRC. Indeed, R.C. 4141.282(H) limits the trial court's authority "to hear the appeal on the certified record provided by the commission." Further, the scope of the trial court's review is as follows: "If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall

reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." *Id.*

{¶14} Here, the trial court specifically set forth a briefing schedule and then properly decided the appeal after the parties filed their briefs. Johnson's argument disputing this is simply wrong and not supported by the record.

{¶15} Next, we turn to the gravamen of Johnson's appeal — whether the trial court erred in affirming the commission's decision denying unemployment benefits on the basis that she was discharged with "just cause."

{¶16} R.C. 4141.29 sets forth the eligibility and qualifications for unemployment benefits:

> (D)* * * [N]o individual may serve a waiting period or be paid benefits under the following conditions:
>
> * * *
>
> (2) For the duration of the individual's unemployment if the director finds that:
>
> (a) The individual quit work without just cause or has been discharged for just
>
> cause in connection with the individual's work * * *.

{¶17} "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985). An employer may require specific standards of conduct and discharge employees who violate the standards.

*Piazza v. Ohio Bur. of Emp. Servs.,* 72 Ohio App.3d 353, 357, 594 N.E.2d 695 (8th Dist.1991), citing *Williams v. Ohio Bur. of Emp. Servs.,* 8th Dist. No. 49759, 1985 Ohio App. LEXIS 9562 (Nov. 27, 1985).

{¶18} In reviewing a "just cause" determination, our standard of review is the same as the trial court's — i.e., an appellate court may reverse a board's decision only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. *Williams v. Ohio Dept. of Job & Family Servs.,* 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20, citing R.C. 4141.282(H). With respect to the standard of review, this court recently stated:

> While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. This duty is shared by all reviewing courts, from the first level of review in the common pleas court through the final appeal. Therefore, the focus of an appellate court when reviewing an unemployment compensation appeal is upon the commission's — not the trial court's —decision.

(Citations omitted.) *Hertelendy v. Great Lakes Architectural Serv. Sys.,* 8th Dist. No. 97782, 2012-Ohio-4157, ¶ 16.

{¶19} Here, the record overwhelmingly demonstrates that the commission's decision is supported by the evidence in the record. Indeed, just cause for discharge may be established by proof that the employee violated a specific company rule or policy. *Sharif v. Children's*

*Hunger Alliance, Inc.*, 10th Dist. No. 10AP-796, 2011-Ohio-2049, ¶ 7. Additionally, willfully refusing to follow a direct order of superiors has been deemed insubordination and sufficient justification for termination. *See Watson v. Ohio Home Health Care*, 2d Dist. No. 22837, 2009-Ohio-537.

{¶20} Aside from the testimony offered at the hearing by the City's representative, the City produced documentation that Johnson violated its civil service rules leading to three disciplinary actions taken against her during the last year of her employment — the last disciplinary action resulting in Johnson's discharge. At the hearing, Johnson even conceded the facts leading to her ten-day suspension, i.e., that she submitted paperwork indicating that she had worked on two days despite the fact that she did not work on those days. And while Johnson claimed the other two disciplinary actions were retaliatory and not warranted, she nonetheless acknowledged that she did in fact (1) search a property that was not covered by a search warrant, and (2) defy a direct order of her supervisor. As for her "excuses" and "justification" for her actions in each instance, the hearing officer obviously found her testimony not credible — a determination that rests within the hearing officer's discretion — and not one for a reviewing court to second-guess. *See Scali v. CSA HS UHHS Canton, Inc.*, 5th Dist. No. 2011-CA-00165, 2012-Ohio-577.

{¶21} Accordingly, we find that the trial court did not err in affirming the commission's decision. The record contains competent, credible evidence to support a conclusion that Johnson violated the City's civil service rules on three separate occasions

during her last year of employment. These violations constituted just cause for termination. Johnson is not entitled to unemployment compensation benefits. Her two assignments of error are overruled.

{¶22} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR