[Cite as *Schneider v. United Parcel Serv., Inc.*, 2013-Ohio-1032.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98504**

## ALAN J. SCHNEIDER

PLAINTIFF-APPELLANT

vs.

## UNITED PARCEL SERVICE INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-705217

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEY FOR APPELLANT**

Mary Jo Hanson
Mary Jo Hanson, L.L.C.
55 Public Square
Suite 1055
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEES**

**For United Parcel Service**

John M. Stephen
Jamie A. LaPlante
Porter Wright Morris & Arthur, L.L.P.
Huntington Center
41 South High Street, Suite 3200
Columbus, OH   43215

**For Ohio Department of Job & Family Services**

Mike DeWine
Ohio Attorney General
By: Laurence R. Snyder
       Lori J. Weisman
Assistant Attorneys General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, OH   44113-1899

SEAN C. GALLAGHER, J.:

{¶1} In this administrative appeal, appellant, Alan J. Schneider, appeals the judgment of the Cuyahoga County Court of Common Pleas that affirmed the decision of the Ohio Unemployment Compensation Review Commission ("Review Commission"), which denied his claim for unemployment benefits. For the reasons stated herein, we affirm.

{¶2} Schneider worked for United Parcel Service, Inc. ("UPS"), from April 24, 1989 until January 19, 2009. According to UPS, Schneider was discharged for violating the company's honesty policy because he falsified his time cards.

{¶3} On March 5, 2009, Schneider filed an application for unemployment compensation benefits. The Ohio Department of Job and Family Services disallowed the application upon finding that Schneider had been terminated for violating a company rule and was terminated for just cause. The director's redetermination affirmed the initial determination that Schneider had been discharged by UPS for just cause.

{¶4} Schneider appealed the director's redetermination, and the matter proceeded to a hearing before the Review Commission, which began on June 18, 2009, and following continuances, concluded on July 16, 2009. On or about August 4, 2009, the Review Commission affirmed the director's redetermination and concluded that Schneider was discharged by UPS for just cause in connection with work.

{¶5} Thereafter, on or about September 2, 2009, the Review Commission disallowed Schneider's request for further review. Schneider then filed an appeal in the

Cuyahoga County Court of Common Pleas. The lower court affirmed the decision of the Review Commission upon concluding that the "decision was not unlawful, unreasonable or against the manifest weight of the evidence provided."

{¶6} Schneider timely filed this appeal. He raises one assignment of error for our review, which provides as follows:

> The trial court erred in its decision to rule in favor of UPS and the Unemployment Compensation Review Commission, as the evidence was against the manifest weight of the evidence.

{¶7} Pursuant to R.C. 4141.29(D)(2)(a), an individual is ineligible for unemployment benefits if he "has been discharged for just cause in connection with the individual's work[.]" The term "just cause" has been defined as "'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985), quoting *Peyton v. Sun T.V.*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975). A determination of just cause necessarily depends upon the factual circumstances of the particular case. *Irvine* at 17.

{¶8} R.C. 4141.282(H) sets forth a limited standard of review for a decision made by the Unemployment Compensation Review Commission that applies to all appellate courts:

> If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

*Lang v. Dir., Ohio Dept. of Job & Family Servs.*, 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636., ¶ 11. When applying this standard, "a reviewing court may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record supports it." *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20, citing *Irvine* at 18. Furthermore, the Review Commission's decision cannot be reversed simply because reasonable minds might reach different conclusions. *Lang* at ¶ 11.

{¶9} In this case, UPS claimed it discharged Schneider for violating the company's honesty policy because he falsified his time cards. The Review Commission found that Schneider was discharged for just cause. We have previously recognized that just cause for discharge may be established by proof that the employee violated a specific company rule or policy. *Johnson v. Cleveland*, 8th Dist. No. 98312, 2012-Ohio-5744, ¶ 19. Furthermore, just cause has been found to exist where an employee demonstrates an unreasonable disregard for the employer's best interests. *Bonanno v. Ohio Dept. of Job & Family Servs.*, 5th Dist. No. 2012 AP 02 0011, 2012-Ohio-5167, ¶ 21, citing *Kiikka v. Ohio Bur. of Emp. Servs.*, 21 Ohio App.3d 168, 169, 486 N.E.2d 1233, (8th Dist.1985).

{¶10} The record in this case supports the Review Commission's determination. The testimony and evidence reflects that Schneider's job as a feed driver required him to drive tractor-trailers from one destination to another. He was required to input certain codes into the "IVIS" system to account for his daily activity, such as his arrivals,

departures, central sort time while waiting at a UPS facility, meals and breaks, and breakdowns. After finding discrepancies on Schneider's time cards, UPS management investigated Schneider's activities from mid-December 2008 through mid-January 2009. In pertinent part, the Review Commission made the following factual findings:

> After claimant received the warning regarding recording his daily activities, claimant's supervisors decided to closely review his recorded daily activities. * * * When the review was complete, claimant's supervisors felt that claimant frequently artificially lengthened his workday by inputting incorrect or inappropriate codes to cover periods of time during his workdays. Claimant's supervisors determined that claimant frequently noted codes for breakdowns of equipment even when there was no record of claimant reporting a breakdown to the employer's maintenance staff, inappropriately recorded a central sort code even when there was no record of claimant reporting a breakdown to the employer's maintenance staff, inappropriately recorded a central sort code even when claimant was having his loads sorted at one of the employer's facilities, unnecessarily added equipment handling codes that added time to his workday even when that information had already been indicated, and failed to promptly record his arrival times at [UPS] facilities.

{¶11} The trial court's factual findings are supported by the record. Karl Martin, a district labor relations manager for UPS, testified that Schneider represented himself on his time cards doing a work activity when he really was not. He stated that Schneider would "show breakdowns of his equipment on a daily basis" but that UPS "had no record of those breakdowns." Martin also indicated that when there is a breakdown, UPS procedure is to call in the breakdown, but Schneider did not call anyone. Aside from the excessive breakdown representations, UPS found other discrepancies on Schneider's time cards. Upon observing Schneider, UPS found he was using inappropriate codes and "represented himself as working when actually he wasn't working, he was at a stop

resting * * *, taking lunch, doing various activities." Martin testified that he spoke to Schneider about his time cards on December 11, 2009.

{¶12} Michael Borkowski, a transportation supervisor at UPS, testified that he spoke with Schneider about the discrepancies on his time cards, but the irregularities continued. Aside from using the code for a breakdown without reporting any breakdown, Schneider also had excessive idle time, and there were discrepancies reflected with the arrival times noted on Schneider's time cards when compared to the actual arrival times. Also, there was evidence of delays from his arrival time when he finished work at the completion of the workday until he clocked out. Borkowski testified to another example when Schneider, who was driving a single trailer, entered a code for coupling an additional trailer, which gave him an additional allowance for work that was not performed. Borkowski proceeded to review other inconsistencies found with the time cards. He testified that in early January 2009, he and another supervisor had followed Schneider to Indiana. He observed that Schneider drove 10 miles an hour under the speed limit on the way to Indiana and also found Schneider was being dishonest with the codes that were used compared to his actual activities.

{¶13} Schneider conceded that he had been warned to watch his meals and breaks and to start using central sort. He denied ever reporting a breakdown code when he did not have an actual breakdown. He indicated he reported all breakdowns except for minor breakdowns that he could repair himself. He claimed his use of the central sort code was in accordance with the instructions provided by Charlie McDaniel, a UPS supervisor.

Schneider maintained that he accurately recorded his arrival time at UPS facilities and indicated that upon arriving at a gate, he would have to check in with the guard and that he also would check on the availability of overtime before finishing work. He denied that he ever falsified his time cards and denied that anyone ever spoke to him about the falsification of time cards. He also testified he was told in training to drive safely — weather, roads, and traffic permitting.

{¶14} While Schneider argued that UPS erroneously compared six time cards with a tachometer record from a different vehicle, UPS introduced approximately 21 time cards into evidence, and the Review Commission recognized that UPS's records for four of the days appeared inconsistent. Further, while Schneider claimed he was misled into using the central sorting code, the Review Commission recognized this evidence, but found there was evidence of other inappropriate and dishonest conduct. Moreover, although McDaniel was unavailable at the third hearing date, no continuance was requested, and in view of the entire record, it cannot be said that his absence prejudiced Schneider.

{¶15} The Review Commission found the evidence and testimony presented established Schneider had "falsified his time records by using inappropriate and inaccurate codes to artificially lengthen his workday." Such dishonest conduct not only was inappropriate, but evinces an unreasonable disregard for his employer's best interests. Insofar as Schneider claimed he was never warned about his time cards, denied falsifying his time cards, and asserted that the testimony offered by UPS was not credible,

it was within the province of the Review Commission to assess the credibility of the witnesses. The Review Commission determined that "[c]laimant's actions constitute misconduct that will serve to suspend his unemployment compensation benefits. Claimant was discharged by [UPS] for just cause in connection with work."

{¶16} Upon our review, we find that the record contains competent, credible evidence to support the Review Commission's determination that Schneider was terminated for just cause. Moreover, we conclude the Review Commission's decision is not unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, we affirm the determination that Schneider is not entitled to unemployment compensation benefits and overrule his sole assignment of error.

{¶17} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR